ANSTEAD, Judge,
concurring specially.
I concur in the majority’s remand for a new hearing on the merits, but not for the reasons set out in the majority opinion. Unlike the majority, I believe it was implicit in this court’s earlier decision that, assuming the mother’s condition had not deteriorated in the meantime, the trial court could not terminate her parental rights under the circumstances existing at the time of the prior final hearing. Accordingly, I do not believe the trial court misinterpreted our prior opinion.
However, as Judge Glickstein noted in his separate opinion in French v. French, 452 So.2d 647 (Fla. 4th DCA 1984), the passage of time since a decision was rendered on a custody issue is an important factor for an appellate court to consider in determining further proceedings in the trial court on remand:
First, I think it inappropriate for this court to enter any determinative order on the issue of visitation in May, 1984, more than two years since the entry of Final Judgment. The children have not been frozen in time, waiting for the square wheels of justice to bump along to a conclusion in the case, although they may have been existing in an emotional vacuum for over two years because of the lengthy period of time in finalizing this matter. As of the present date, there is no evidence whatsoever before us of the present circumstances which could affect their welfare upon the issue of visitation.
Id. at 651. The final hearing in this case was completed in September, 1990, almost two and one-half years ago. We cannot simply ignore that passage of time and its possible effects on the important issues *594 before us. For that reason I concur m the remand for a new trial to consider the current circumstances of the parties.